IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,802






EX PARTE CARL PINNER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NO. 3748-A IN THE 154
TH DISTRICT COURT


OF LAMB COUNTY






 

 Keller, P.J., filed a dissenting opinion.


 The trial court found as a matter of fact that applicant's attorney advised him of his
right to appeal, and that counsel cannot recall applicant telling him that he wanted to appeal. 
The court also found that in applicant's application for court-appointed trial counsel, he
failed to disclose some $40,000 to $50,000 in his retirement account. Applicant never
indicated that he was unable to access this money or that he was having difficulty obtaining
funds to pursue an appeal. The court considered those amounts in determining that applicant
was not indigent for purposes of appeal.

 The court found that applicant did not tell his attorney that he wanted to appeal. The
court also found that, though applicant filed a notice of appeal, he took no apparent action
for over a year and a half, in spite of the court's letter to him informing him that his right to
appeal might soon pass if he did not take steps to employ counsel.

 Finally, the court found:

 Applicant may or may not have pursued an appeal if it were provided to him
without cost, but when he was required to use his own funds he did not make
any effort to seek an appeal. 


 This Court rejects these findings and concludes that applicant is entitled to appeal,
with the aid of counsel no less. I see no basis for this decision, which is contrary to the trial
court's findings of fact and recommendation. There is nothing in the record to refute the trial
court's belief that applicant had access to the funds in his retirement account, nor is there
anything in the record that conclusively controverts the court's finding that applicant decided
to refrain from appealing because he would have to pay for it himself. This Court's decision
that applicant is entitled to counsel on appeal shows a surprising disregard for the role of the
trial court in indigency determinations and is, furthermore, not supported by the record.

 I would deny relief. I respectfully dissent. 

Delivered: December 5, 2007

Do not publish